UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS F. ZAPATA,

                Plaintiff,

-against-

JEFFREY STEFANKSI, et al.,

                Defendants.

1:24-CV-3154 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Luis F. Zapata, who filed the complaint commencing this *pro se* action while he was held in the North Infirmary Command on Rikers Island, brings this action seeking damages and asserting that the defendants have violated his federal constitutional rights. He sues: (1) Jeffrey Stefanski; (2) Christophe Bannon; (3) Simone Michael; (4) Pomblack David; (5) Lee Maldonado; (6) Police Sergeant Camnata; and (7) Vitaliano Edgar Michael, Esq. Plaintiff alleges that Defendants Stefanski, Bannon, Simone Michael, David, Maldonado, and Camnata are officers of the New York City Police Department ("NYPD") who are assigned to the NYPD's 120th Precinct on Staten Island. (ECF 1, at 3-4.) He also alleges that Defendant Vitaliano Edgar Michael, Esq, is an attorney whose work address is located on Staten Island. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.[1]

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission must not refer to a minor child's full name; it may only refer to a minor child by using the child's name's initials. Fed. R. Civ. P. 5.2(a)(3). Plaintiff, in his *in forma pauperis* ("IFP") application, however, reveals the full names of minor children. Thus, in light of Rule 5.2(a)(3), and in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to Plaintiff's IFP application to a "case participant-only" basis.

## DISCUSSION

Under the applicable venue provision for Plaintiff's claims, such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled. *See* § 1391(c)(1).

Plaintiff does not allege where any of the defendants reside. Thus, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1). Plaintiff does allege that the events that are bases for his claims occurred on Staten Island, Richmond County, New York (ECF 1, at 5), which is within the Eastern District of New York, *see* 28 U.S.C. § 112(c). Thus, the United States District Court for the Eastern District of New York is a proper venue for this action under Section 1391(b)(2).[2]

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. § 112(c).

ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Eastern District of New York is appropriate for this action. Plaintiff asserts that the underlying events occurred on Staten Island, Richmond County, in the Eastern District of New York, and he alleges that all of the defendants are located there. It is also reasonable to expect that relevant documents and witnesses would be located in that judicial district. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees, and whether the abovementioned restriction on public electronic access to Plaintiff's IFP application should continue in the

3

transferee court, are determinations to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 10, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge